UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN WOLF,

Defendant.

Case No. 5:15-cr-00263-EJD

**ORDER RE: APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING PRE-TRIAL RELEASE**

Re: Dkt. Nos. 17, 20, 21

In an Indictment filed on May 14, 2015, Defendant Steven Wolf ("Defendant") was charged with two separate counts of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). After Defendant's arrest, detention proceedings were commenced before Magistrate Judge Nathanael Cousins, who ordered Defendant released on bond.

The Government appealed from the release order, and this court heard the matter over two days. At the conclusion of the hearing, the court found by clear and convincing evidence that Defendant would pose a danger to individuals and the community if released. Accordingly, the order entered by Judge Cousins releasing Defendant on bond was revoked and Defendant was ordered detained. The court now states the findings and reasons that support the order of detention.

**I.   BACKGROUND**

Defendant allegedly committed the acts underlying the federal indictment in December, 2014, and January, 2015. He was originally arrested and charged with state equivalent offenses,

1

Case No.: 5:15-cr-00263-EJD
ORDER RE: APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING PRE-TRIAL RELEASE

1   but posted bail and was released from state custody.

2   The Government initiated this prosecution in May, 2015, during the pendency of the state
3   prosecution. A no-bail arrest warrant was issued on May 14, 2015, and Defendant was arrested on
4   the federal charges in early June, 2015. He was arraigned on June 3, 2015, and was remanded to
5   custody.

6   A detention hearing then commenced before Judge Cousins on June 8, 2015, and was held
7   over four days. On June 23, 2015, Judge Cousins ordered Defendant released on a $100,000
8   personal recognizance bond with Defendant's brother, Derrick Wolf, and his friend, Julia Barton,
9   serving as sureties. Judge Cousins stayed the release order until 5:00 p.m. to permit the
10  Government to appeal and seek a stay from the district court. This court issued the stay of release
11  requested by the Government.

12  The Government's appeal of the release order eventually came on for hearing on July 16,
13  2015, with all counsel and Defendant present. After hearing the parties' arguments, the court
14  found the Government had met its burden to establish that no condition or combination of
15  conditions would reasonably assure the appearance of Defendant and ensure the safety of any
16  other person and the community. On that basis, the release order entered by Judge Cousins was
17  revoked and Defendant was ordered detained.

18  Defendant subsequently requested an opportunity to present additional evidence on the
19  detention issue. Thus, at a hearing held on July 21, 2015, the court again heard from Defendant
20  and from the Government. At the conclusion, the court found based on the additional sureties and
21  terms of supervision proposed that Defendant had rebutted the adverse finding on risk of flight.
22  The court did not, however, disturb the second part of the ruling entered on July 16th, which found
23  established by clear and convincing evidence that Defendant posed a risk of danger to individuals
24  and to the community if released. The detention order was therefore maintained.

25  **II.   LEGAL STANDARD**

26  Jurisdiction to review a release order issued by a magistrate judge lies with the district

2

Case No.: 5:15-cr-00263-EJD
ORDER RE: APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING PRE-TRIAL RELEASE

court pursuant to 18 U.S.C. § 3145(a)(1). That section states, in pertinent part:

> (a) Review of a release order. If a person is ordered released by a magistrate . . .
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .
>
> The motion shall be determined promptly.

On the Government's motion for review of a release order, the district court considers de novo the magistrate judge's denial of pre-trial detention, as if the district court were reviewing its own action. See United States v. Koenig, 912 F.2d 1190, 1191-92 (9th Cir. 1990). Thus, pursuant to 18 U.S.C. § 3142(c), the district court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person or the community or another person. To do so, the district court considers the factors listed in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes;
>
> (2) the weight of the evidence;
>
> (3) the history and characteristics of the defendant (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, trace record in appearing in court, and whether at the time of arrest of the defendant was on supervision for parole, probation, or other release in a pending case); and
>
> (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release.

Clear and convincing evidence must support a finding that no conditions of release will reasonably assure the safety of the community or another person, and a preponderance of the evidence must establish that conditions will not reasonably assure a defendant's appearance. See United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

### III.  DISCUSSION

At the hearings before this court, the Government maintained that the conditions approved

3

Case No.: 5:15-cr-00263-EJD
ORDER RE: APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING PRE-TRIAL RELEASE

1    by Judge Cousins were insufficient to either assure Defendant's appearance at subsequent

2    proceedings or to ensure the safety of other individuals and the community.  To that end, the

3    Government argued the proposed sureties were improper.  Aside from questioning their solvency

4    for the purpose of a signature bond, the Government also pointed out that Defendant's brother was

5    charged with an offense after a search warrant related to this case was executed at the residence

6    Defendant shares with his mother, his brother, his other siblings, and their children.  Because

7    Defendant's brother was now connected with this prosecution, the Government argued he was a

8    poor candidate for supervision and could not be relied upon to report violations of release

9    conditions to Pretrial Services or to the court.  In addition, the Government believed Defendant

10   would continue to be a flight risk with his brother as his supervisor.

11       The Government also argued that Defendant was a danger to the community.  The

12   Government stated that when Defendant was first contacted by law enforcement in connection

13   with this case, he cooperated with the officers and voluntarily surrendered all drugs in his

14   possession.  Defendant was not arrested at that time due to his cooperation.  But subsequent to this

15   initial contact, additional methamphetamine was discovered in Defendant's possession or control.

16   According to the Government, the discovery of additional drugs suggests that Defendant was

17   continuing with distribution activity.

18       After hearing counsels' arguments, the court determined that Defendant's brother was not

19   a suitable supervisor due to the criminal charge arising from circumstances surrounding this case,

20   and on that basis found by a preponderance of the evidence that Defendant's appearance could not

21   be assured.  The court further found the Government had satisfied its burden to prove by clear and

22   convincing evidence that Defendant was a danger to the community since Defendant's continued

23   involvement with methamphetamine after he was contacted by law enforcement demonstrated his

24   ongoing involvement with drug distribution.  Based on these finding, the order entered by Judge

25   Cousins authorizing Defendant's release was revoked.

26       At the hearing on July 21, 2015, the court permitted Defendant to identify additional

27

4

28   Case No.: 5:15-cr-00263-EJD
ORDER RE: APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING PRE-TRIAL RELEASE

1 sureties willing to sign a bond for his release. Defendant also proposed that, if released, his

2 mother and other individuals would agree to supervise him. In light of this additional evidence,

3 the court modified its prior ruling and found that Defendant had rebutted the Government's

4 argument regarding his risk of flight if released. However, due to (1) the proximity of time

5 between Defendant's first contact with law enforcement the subsequent discovery of Defendant in

6 possession of methamphetamine and marijuana as reported by an agent, and (2) the fact that

7 Defendant had recently painted his vehicle a different color, the court found no reason to disturb

8 the other finding it made on July 16th. Because this evidence demonstrated Defendant's

9 continuing involvement with the distribution of drugs, the danger to the community he posed if

10 released was established by clear and convincing evidence.

**IV.   ORDER**

Based on the foregoing, the order for the release of Defendant entered by Judge Cousins on June 23, 2015, is REVOKED. Defendant is ordered detained pending further order of the court.

**IT IS SO ORDERED.**

Dated: July 29, 2015



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:15-cr-00263-EJD
ORDER RE: APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING PRE-TRIAL RELEASE